UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY GENE BUCK, | § | |
| No. 1068144, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 3:06-CV-1042-N |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2241.[1]

**Parties**: Petitioner Larry Gene Buck ("Buck" or "Petitioner") is confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Amarillo, Texas. Respondent is the Director of the TDCJ-CID.

**Statement of the Case:** Petitioner is currently incarcerated pursuant to judgments and sentences of the 249th District Court of Johnson County, Texas in cause numbers F34930 and

---

[1] Because Petitioner challenges the execution of his sentences, rather than aspects of his pleas of guilty and ensuing convictions, the undersigned will construe the petition under § 2241.

F32652 in which he was charged and convicted of the offenses of burglary of a habitation with the intent to commit another felony and aggravated assault of a peace office with a deadly weapon, respectively. Petitioner originally pled guilty in cause number F32652 on March 25,1999. *Ex parte Buck*, Appl. No. 63,551-02 at 4–8. The trial court deferred adjudication of guilt and Buck was placed on 10 years of community supervision. *Ex parte Buck*, Appl. No. 63,551-02 at 19-20. However, following his indictment in cause number F34930, the State moved to adjudicate Buck's guilt in cause number F32652. *Ex parte Buck*, Appl. No. 63,551-02 at 25-26. On October 12, 2001, Petitioner pled true to the allegations in the motion to adjudicate guilt in cause number F32652 and pled guilty to the offense in cause number F34930, and was sentenced to two concurrent 10 year terms of imprisonment. *Ex parte Buck*, Appl. No. 63,551-02 at 12-16, 27-33.

On October 5, 2005, pursuant to Texas Code of Criminal Procedure article 11.07, Buck filed a habeas application challenging the TDCJ-CID's failure to release him from his term of confinement for his conviction in F32652. *Ex parte Buck*, Appl. No. 63,551-01 at 35. Less than two weeks later, Buck filed a second article 11.07 application containing identical claims regarding the term of confinement imposed for his conviction in F34930. *Ex parte Buck*, Appl. No. 63,551-02 at 36. Both applications were denied without written order by the Texas Court of Criminal Appeals on December 21, 2005, and April 26, 2006, respectively. *Ex parte Buck*, Appl. No.63,551-01 at cover; *Ex parte Buck*, Appl. No. 63,551-02 at cover.

Petitioner filed the instant petition on June 1, 2006, wherein he raises the same claim of entitlement to release that he raised in his two state habeas applications. Respondent filed his answer contending that Petitioner's claim is time-barred, and, in the alternative, that it is without merit.

2

**Findings and Conclusions:** As his sole ground for relief Buck claims that he is being held beyond the expiration date of his alleged fully served concurrent sentences.[2] There is no claim that the computation of the time which Buck has served and his good time and work-time credits is erroneous. The full expiration dates of his sentences are identical. His claim is based on his interpretation of Texas state law relating to parole based upon the undisputed fact that the sum of the served time and good time credits exceed the ten year concurrent terms of imprisonment.

It is apparent from the state law provisions cited by Buck, which are not relevant to a Texas prisoner's eligibility for parole, that he has a fundamental misapprehension of state law as it relates to parole. While a Texas prisoner who has not served his full sentence in actual calendar time may be eligible for early release from incarceration on parole or mandatory supervision based on accumulated good conduct credits, such a prisoner is not entitled to unconditional release. *See* Texas Government Code §§ 498.003(a) (West 2001) ("Good conduct time applies <u>only to eligibility</u> for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term") (emphasis added).[3] Therefore, Buck's petition fails to state a cognizable ground for habeas relief. *See Peoples v. Federal Bureau of Prisons*, 78 Fed. Appx. 956,

---

[2]In his answer Respondent claims that relief predicated on a claim that he is eligible for mandatory release supervision is time-barred. However, Petitioner makes clear in his rebuttal to the answer which was filed on October 30, 2006, that he does not claim that he is entitled to relief on this basis. *See* rebuttal at page 4. Moreover, it is clear that he is not entitled to mandatory supervision release on his conviction for burglary of a habitation as charged in cause number F34930, an offense which is excepted from the current mandatory supervision provisions under Texas state law. *See* Texas Government Code §§ 508.147 and 508.149(aa)(13) (West 2006).

[3]It is clear from the record that Buck has been considered for parole on two prior occasions and was scheduled for further consideration in June 2006, after the Texas Court of Criminal Appeals denied his art. 11.07 applications. *See* WR-73,551-01 at 0051 and 0086.

957 (5th Cir. 2003) (citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979) ("Convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence"); *Hudson v. Johnson*, 242 F.3d 534, 536 and n. 1 (5th Cir. 2001) (noting the fact that Texas state law was revised in 1998 to expressly avoid creating a liberty interest in parole and that state law determines whether a prisoner has a protected liberty interest in good conduct credits).

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the district court deny the petition on the merits.[4]

Signed this 29th day of January, 2007

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[4]The court does not consider Buck's claim for monetary damages as such a claim is not cognizable in a habeas corpus petition.